| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| HILDA SOSA QUIÑONES<br><br>Recurrida<br><br><br>*En Interés de*<br><br><br>EDWIN CANDELARIO SOSA | KLCE202400149 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Guaynabo<br><br>Caso núm.: D2JV2023-0112<br><br>Sobre:<br>Art. 4.14 Ley Núm. 408-2000 (Ley de Salud Mental de Puerto Rico) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**RESOLUCIÓN**

**Figueroa Cabán, Juez Ponente**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece la Administración de Servicios de Salud Mental y Contra la Adicción, en adelante ASSMCA, quien nos solicita que revoquemos una *Resolución y Orden*, emitida el 18 de enero de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala Municipal de Guaynabo, en adelante TPI, declaró no ha lugar la reconsideración de ASSMCA, por lo que prevaleció la orden de ubicar al paciente en un hogar de cuido prolongado o en la alternativa, de pagar sus gastos hospitalarios.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* por falta de jurisdicción por incumplir con la Regla 33(B) del Reglamento del Tribunal de Apelaciones.

-I-

La señora Hilda Sosa Quiñonez, en adelante la señora Sosa, presentó una *Petición de Ingreso Involuntario por*

*un Máximo de 15 Días,* en adelante Petición de Ingreso Involuntario[1], al amparo del Art. 4.14 de la Ley Núm. 408-2000, según enmendada. En la misma, fungió como peticionaria en interés de la persona para quien se solicita el ingreso involuntario, su hijo el señor Edwin Candelario Sosa, en adelante el señor Candelario, o el participante.

Luego de varios trámites innecesarios de relatar para obtener el resultado alcanzado, el TPI emitió una *Resolución y Orden.* Mediante la misma, ordenó: 1) a ASSMCA, ubicar de forma inmediata al señor Candelario en un lugar de cuidado prolongado como parte de los Servicios Transicionales Residenciales Orientados; 2) al Hospital Panamericano, a identificar un lugar privado, certificado y cuyo costo será sufragado por ASSMCA, para la ubicación del paciente mientras espera por su ingreso en un lugar de cuidado prolongado; o 3) a ASSMCA, pagar los gastos hospitalarios del recurrido hasta la ubicación del señor Candelario en un hogar de cuidado prolongado.[2]

En desacuerdo, ASSMCA presentó un *Escrito de Certiorari*, en el que alegó que el TPI cometió los siguientes errores:

> COMETIÓ GRAVE ERROR EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE GUAYNABO AL DICTAR UNA RESOLUCIÓN Y ORDEN CONTRARIA A DERECHO.
>
> COMETIÓ GRAVE ERROR DE DERECHO EL TPI AL INTERFERIR CON LA POLÍTICA PÚBLICA DEL PODER EJECUTIVO EN CUANTO A LA FORMA Y MANERA EN QUE ASSMCA OFRECE LOS SERVICIOS A LA POBLACIÓN AL ORDENARLE A LA ASSMCA A UBICAR AL PACIENTE EDWIN CANDELARIO SOSA EN UN HOGAR SIN CONTRATO CON LA AGENCIA O EN LA ALTERNATIVA OBLIGARLE EL PAGO AL HOGAR Y AL HOSPITAL PANAMERICANO DONDE SE ENCUENTRA UBICADO EL JOVEN ACUTALMENTE [*SIC.*], AFECTANDO LA SEPARACIÓN DE PODERES.

[1] Apéndice de la peticionaria, págs. 79-86.
[2] *Id.,* págs. 10-14.

En lo aquí pertinente, el participante presentó una moción de desestimación en la que adujo que ASSMCA "incumplió con su obligación de notificar el recurso de *certiorari*" a la peticionaria, es decir, a la señora Sosa y no justificó el incumplimiento con dicho requisito reglamentario.

Así las cosas, el Tribunal de Apelaciones le concedió a ASSMCA un término de cinco (5) días para mostrar causa por la cual no se debía desestimar el recurso de *certiorari*.

En cumplimiento de nuestra orden, ASSMCA alegó que cumplió con el Reglamento del Tribunal de Apelaciones, en tanto, notificó el recurso de *certiorari* a las representantes legales del Hospital Panamericano y del participante, el señor Candelario, persona para quien se solicita el ingreso involuntario. Ello mediante correo certificado con el recibo #9589-0710-5270-1245-0547-63.[3]

Revisados los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

La Regla 33 (B) del Reglamento del Tribunal de Apelaciones establece:

> **La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación,** a los abogados o abogadas de récord, **o en su defecto, a las partes,** así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación** a

---

[3] ASSMCA no incluyó copia de la boleta de envío por correo certificado, mediante la cual, entendemos, se alega, que se notificó a ambas representantes legales.

los abogados o abogadas de las partes, **o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso.** Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. **La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*.** La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas, o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho horas. El término aquí dispuesto será de cumplimiento estricto.

La notificación podrá efectuarse por los otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento.[4]

**B.**

Es norma jurisprudencial reiterada en nuestro ordenamiento jurídico que la extensión de un término de cumplimiento estricto no es automática,[5] y que ello procede por excepción, solo cuando la parte que lo solicita demuestra justa causa para la tardanza.[6] En otras palabras, solo procede prorrogar un término de cumplimiento estricto cuando: (1) en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, acreditando adecuadamente la justa causa aludida.[7]

---

[4] 4 LPRA Ap. XXII-B, R. 33(B). (Énfasis suplido)
[5] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[6] *García Ramis v. Serrallés*, 171 DPR 250 (2007). Véase, además, *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 171 (2016).
[7] *Rivera Marcucci v. Suiza Dairy*, *supra*, pág. 171; *Soto Pino v. Uno Radio Group*, *supra*, pág. 93; *García Ramis v. Serrallés*, *supra*.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha resuelto consecuentemente que, "la justa causa se acredita mediante explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora".[8] "[N]o constituyen justa causa las 'vaguedades y las excusas o planteamientos estereotipados'".[9] Así pues, "[a]l justipreciar las razones ponderadas por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la evidencia que lo sustentan".[10] No valen "justificaciones genéricas" carentes de detalles.[11]

Finalmente, conviene resaltar el apercibimiento que el TSPR hace a los abogados de Puerto Rico en *Soto Pino v. Uno Radio Group,* 189 DPR 84, 97 (2013):

> [S]e le recuerda a la clase togada que es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto. En el caso específico del derecho procesal apelativo, este incumplimiento impide la revisión judicial ya que ocasiona que no se perfeccionen sus recursos apelativos.[12]

### C.

El TSPR ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[13]

---

[8] *Rivera Marcucci v. Suiza Dairy*, *supra*, págs. 171-172.
[9] *Id.*, pág. 172.
[10] *Id.*
[11] *Id.*
[12] *Soto Pino v. Uno Radio Group*, *supra,* pág. 97. (Énfasis en el original y suplido).
[13] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).

Así, el tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[14] Además, si un tribunal carece de jurisdicción también carece de discreción para asumir jurisdicción donde la ley no la confiere.[15] En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[16]

**D.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> …
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[17]

**-III-**

El peticionado, señor Candelario, solicita la desestimación del pleito de epígrafe porque ASSMCA no notificó el recurso de *certiorari* a la señora Sosa, peticionaria de la Petición de Ingreso Involuntario, conforme requiere el Reglamento del Tribunal de Apelaciones, *supra*. Tiene razón. Veamos.

Luego de revisar los documentos que obran en autos, resolvemos que ASSMCA incumplió con la Regla 33(B) de nuestro reglamento. Ello obedece a que aquella no notificó el recurso de *certiorari* a la señora Sosa,

---

[14] *Ruiz Camilo v. Trafon Group Inc., supra*, pág. 269.
[15] *Id.*
[16] *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). 6140, Guaynabo, PR
[17] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

peticionaria de la Petición de Ingreso Involuntario, a la dirección que obra en el expediente del TPI, a saber, **Sosa Quiñonez Hilda, HC 01 Box 6140, Guaynabo, PR, 00971.** Tampoco certificó la ocurrencia de dicho evento en la solicitud de *certiorari*. Sencillamente, ASSMCA no consideró este incumplimiento con este requisito de cumplimiento estricto. Menos aún, expuso justa causa para la inobservancia.

La notificación a la representación legal del peticionado y a la del Hospital Panamericano no era suficiente para cumplir con la exigencia reglamentaria.

En fin, ASSMCA obvió notificar a la señora Sosa, quien fungió como peticionaria en la orden de ingreso involuntario, en interés del peticionado, señor Candelario.

### -IV-

Por los fundamentos antes expuestos, se desestima la expedición del auto de *Certiorari* por falta de jurisdicción, por incumplir con la Regla 33(B) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones